UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02980

**Ramirez de la Huerta,**
*Petitioner,*
v.
**Warden, T. Don Hutto Detention Center, et al.,**
*Respondents.*

## ORDER

Isahu Ramirez de la Huerta ("Petitioner") is a native and citizen of Mexico. He filed a habeas petition and an application for a temporary restraining order ("TRO") restraining Respondents from transferring him outside the Western District of Texas and removing him from the United States while his petition is pending, ordering Respondents to show cause why the writ should not be granted within three days, and ordering his immediate release or an individualized bond hearing. Petitioner's application for a TRO is denied.

## BACKGROUND

Petitioner entered the United States more than twenty years ago. Petitioner was detained by federal immigration officials on October 1, 2026, following a traffic stop. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). Petitioner intends to seek cancellation of removal and adjustment of status.

## Legal Standard

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the Court can conduct a preliminary injunction hearing. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda County*, 415 U.S. 423, 439 (1974). The party seeking a temporary restraining order has the burden to prove a substantial likelihood he will prevail on the merits, a substantial threat of irreparable harm if the injunction is not granted, that the threatened injury outweighs the threatened harm to the non-movant, and that the granting of the injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Id.* (citing *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985)).

## Analysis

Petitioner is not entitled to a TRO because he has not shown a likelihood of success on the merits of his claims. Petitioner asserts that his pre-removal detention is unlawful because it violates due process and the Immigration and Nationality Act. Petitioner is detained pursuant to section 1225(b)(2)(A). Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). It is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). For the reasons stated in Parts I–II of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026), Petitioner has not shown he is likely to

succeed on the merits of his claims. Petitioner is therefore not entitled to a TRO.

## Conclusion

Petitioner's application for a TRO, ECF No. 2, is denied.

*So ordered by the Court on October 23, 2026.*

ANDREW DAVIS
United States District Judge