UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02980

**Ramirez de la Huerta,**
*Petitioner,*
v.
**Warden, T. Don Hutto Detention Center, et al.,**
*Respondents.*

## ORDER

Ishau Ramirez de la Huerta is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing and an injunction against transfer outside the Western District of Texas while his petition is pending. Because his detention is lawful, his petition and request for injunctive relief are denied.

## BACKGROUND

Petitioner last entered the United States without inspection more than 20 years ago. Petitioner was taken into federal immigration custody on October 1, 2026, following a traffic stop. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas. Petitioner is seeking cancellation of removal and adjustment of status.

On October 21, 2026, Petitioner filed a petition for writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing and an injunction against transfer outside the Western District of Texas while his petition is pending. Petitioner also filed an

application for a temporary restraining order. The Court denied Petitioner's application for a temporary restraining order and ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process and the Immigration and Nationality Act ("INA"). His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7.

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

Petitioner's INA argument fares no better for the reasons set forth in Part I of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). Petitioner's INA claim fails because the Fifth Circuit has held that aliens similarly situated to Petitioner are "seeking admission" to the United States and

thus "subject to [the INA's] mandatory detention command." *Id.* at 722.

Petitioner is also not entitled to an injunction against transfer outside the district. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order barring the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must ... establish [ ] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). To the extent Petitioner's request for an injunction against transfer is a request for a stay of removal, Petitioner likewise presents no persuasive reason for the Court to enjoin his removal from the United States pending the adjudication of this petition. Even if he had, the Court would lack jurisdiction to do so. *See* 8 U.S.C. § 1252(g). Petitioner's request for an injunction is denied.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 16, 2026.*

ANDREW DAVIS
United States District Judge